UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK PATTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01265-JRS-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Derek Patton's petition for a writ of habeas corpus challenges his conviction in prison

disciplinary case CIC 19-10-0042. For the reasons explained in this Entry, Mr. Patton's petition is

**denied.**

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

The disciplinary proceeding began on September 30, 2019, with a report of conduct written by Indiana Department of Correction ("IDOC") Investigator Steven Hall, charging Mr. Patton with a violation of code B-207,[1] unauthorized possession of an electronic device.

> On 9/25/2019 I was listening to phone calls on the tablet belonging to Offender Stephen Gabrielson 23A-2A 179663. At 7:28pm I heard Offender Derek Patton 1B-2A 223346 on a phone call with dialed number 201 320 0996. He asked the female on the end of the line if she could help him out with a three way phone call. She told him to hold on while she dialed the number. Another person came on the line that he addressed as Mom. They began talking about what appeared to be financial transactions. Using another offenders tablet to call a third party is [a] violation of DHB code 207 which is unauthorized use of an Electronic Device.

Dkt. 7-1.

Lt. Raymond Lowery sent an email to Investigator Hall on October 29, 2019, stating that he was working on three hearings for Mr. Patton on reports that were written by Hall that "all resulted from a phone call placed on a tablet belonging to Offender Gabrielson, Stephen #179663." Dkt. 7-3. Lt. Lowery asked Investigator Hall how Hall had determined that Mr. Patton was the individual on the phone who asked a female to assist him with a three-way call. *Id.* Investigator Hall responded:

> A review of the camera on 9/25/2019 at approximately 7:23 pm shows Offender Carrico 137905 pass a tablet under Offender Pattons 223346 cell door at 7:25 pm. At 7:28 pm a phone call is placed on Offender Stephen Gabrielson's 179663 tablet to phone number 574-320-0996. This number comes back to a female named Stephanie who is known to be the girlfriend of Offender Gabrielson. [Offender] Patton states "Hey Stephanie, Steveo says you can help me with a three way call" The callee states "Sure, What is the number" Patton gives her a phone number 302-

---

[1] The IDOC Adult Disciplinary Code defines possession of electronic device as: "Unauthorized alteration, use or possession of any electronic device, including, but not limited to: computer, computer software, pager, PDA, computer disk, CD/DVD, recording tape (audio or video) or associated hardware. (This offense includes accessing computers, software, the Internet, social media, a facility LAN, etc. or using such in a manner not authorized by the Department of Correction and the alteration of authorized electrical devices, such as televisions, fans, etc., for unauthorized purposes, e.g., charging cellular telephones/electronic devices, etc.)." Dkt. 7-16.

236-0729. A search of GTL has this number listed on Offender Patton's phone list. With this evidence I determined Offender Patton was responsible for the three way call.

*Id.*

Mr. Patton was screened for a rehearing on the conduct report on December 5, 2019. Dkt. 7-4. Mr. Patton pled not guilty and requested several witness statements about whether he was ever given a tablet or if Offender Gabrielson ever let him use his tablet. *Id.* He also requested confiscation forms and any other evidence that showed that he was in possession of the tablet, evidence that he was on the phone or tablet, and the dayroom schedule for September 2019. *Id.*

Offender Gabrielson provided a written statement that he had not given up possession of his tablet and that Mr. Patton never had his tablet. Dkt. 7-9. Offender Burns provided a statement that Offender Gabrielson "never let his tablet leave the cell." Dkt. 7-10. Offender Carrico provided a statement that he never "slid" Mr. Patton a tablet but handed another offender his own tablet to help him write a message with it. Dkt. 7-11. Offender Anderson, Mr. Patton's cell mate, provided a statement that Anderson assisted Offender Carrico with his tablet and Patton "never handled, witnessed, or had any knowledge of the exchange[.]" Dkt. 7-12.

A summary of video evidence was prepared and stated:

I, Sgt. R. Schildmeier reviewed the video footage in case CIC 19-10-0042. I Sgt. R. Schildmeier did see the dorm detail Offender carry a tablet across the range and place it under the door of Cell 1-2A at 7:25 PM. Offender Patton #223346 has been assigned to 1B-2A since September 17, 2019.

Dkt. 7-8. The Court has reviewed the video, which was filed *ex parte*, and finds that the summation accurately depicts the events that occurred.

The re-hearing was held on December 11, 2019, and Mr. Patton stated that there was "no evidence" that he was on or had the tablet. Dkt. 7-7. The disciplinary hearing officer ("DHO") considered the staff reports, Mr. Patton's statement, and physical evidence. *Id.* The DHO found

that "video and call transcript show his possession" and found him guilty. *Id.* Mr. Patton's sanctions

included deprivation of 30-days' earned credit time. *Id.*

Mr. Patton appealed the rehearing, but his appeals were unsuccessful. Dkt. 7-13; dkt. 7-14.

He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

**C. Analysis**

Mr. Patton raises the following grounds for relief in his petition: (1) that he received

separate conduct reports that originated from the same set of circumstances and that these are not

factually distinguishable, in violation of IDOC policy; (2) that the conduct report and video

evidence summary contain discrepancies about the date, time, and place of the incident; (3) there

is insufficient evidence to support his charge; and (4) he was denied requested evidence. Dkt. 1 at

2-3. The Court will address each ground, in turn.

**1. IDOC Policies and Multiple Conduct Reports**

Mr. Patton refers to his charges in disciplinary case number CIC 19-10-0039 (regarding

the unauthorized financial transaction from the phone call made on the tablet) [2] and CIC 19-10-

0042 (regarding his possession of the tablet, the subject of this action) and argues that these should

not have run consecutive to each other in separate conduct reports because this is against IDOC

policy. *Id.* at 2.

Prison policies are "primarily designed to guide correctional officials in the administration

of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).

Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas

relief. *See Keller v. Donahue*, 271 F. App'x  531, 532 (7th Cir. 2008) (rejecting challenges to a

---

[2] The Court notes that Mr. Patton's habeas petition in CIC 19-10-0039 was denied and the action dismissed with prejudice on February 12, 2021. *See Patton v. Warden*, No. 1:20-00864-TWP-DML (dockets 17 and 18).

prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Furthermore, Mr. Patton cannot obtain habeas relief by arguing that the two charges against him were duplicative or redundant. Simply put, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense, "[p]rison discipline . . . does not constitute 'punishment' . . . for double jeopardy purposes." *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994)). Whether the multiple proceedings were duplicative or redundant is of no concern in this habeas action. The Court does note, however, that Mr. Patton's conduct reports reflect entirely different and separate charges, though they stem from the same set of factual circumstances.

Accordingly, Mr. Patton is not entitled to habeas relief on these grounds.

### 2. Clerical Errors and Notice

Mr. Patton argues that Investigator Hall's conduct report listed the time of the incident at 11:00 am and 7:28 pm and lists dates of September 25 and 30, 2019. Dkt. 1 at 2. He states the video summation records the date of the incident as October 12, 2019. *Id.* The conduct report shows different locations of 1B-2A and the I&I office. *Id.*  He also states that the phone number

referenced of "201-320-0996" is not on his or Offender Gabrielson's phone list. *Id.* In his reply, he contends that the video summary is confusing as it records the place of incident as 1/3 B-unit but states that Mr. Patton was assigned to 1B-2A. Dkt. 14 at 2. The respondent explains these discrepancies are in part Investigator Hall's documentation of the time and place he learned of the telephone call and when he actually prepared the conduct report. Dkt. 7 at 8.

To the extent that Mr. Patton intended to allege these discrepancies violate IDOC policies, the Court has already discussed how those claims fail. Further, even though Mr. Patton states in his reply at docket 14, that these discrepancies confused him, he has not shown how any of these discrepancies have prejudiced him or violated his due process protections under *Wolff*.

Mr. Patton was notified on December 5, 2019, that he was being charged with a violation of code B-207 for unauthorized possession of an electronic device, in particular, Offender Gabrielson's tablet. Dkt. 7-2. The conduct report provided further details that Investigator Hall listened to a phone call in September 2019 in which he heard Mr. Patton contact a female via phone from Offender Gabrielson's tablet, discussed financial transactions in this call, and asked the female callee if she could assist with a three-way call. *Id.*

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). The conduct report issued to Mr. Patton meets this criteria, as it provided adequate notice and detail of the charge against him. As evidenced by Mr. Patton's requests for witness statements regarding his possession of the tablet and other

physical evidence to identify him as having the tablet or making the phone call, the Court finds that Mr. Patton knew the circumstances surrounding his charge.

Accordingly, Mr. Patton is not entitled to habeas relief on these grounds.

### 3. Sufficiency of Evidence

Mr. Patton argues that the evidence linking him to possession and use of the tablet is insufficient. Dkt. 14 at 2-3. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the  . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). But Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Viens v. Daniels*, 871 F.2d 1328, 1328 (7th Cir. 1989).

Investigator Hall's conduct report stated that he reviewed phone calls made from Offender

Gabrielson's tablet and heard Mr. Patton make a call using the tablet. Dkt. 7-1. Investigator Hall indicated that he identified Mr. Patton as the caller from the video evidence that shows another offender passing the tablet under the cell door where Mr. Patton was housed. Dkt. 7-3. Investigator Hall documented that the caller was speaking to Offender Gabrielson's girlfriend and said, "Steveo," likely in reference to "Stephen Gabrielson," "says you can help me with a three way call." *Id.* He stated that a phone number of "302-236-0729" was given by the caller to the female and that Hall's GTL search found that this phone number was on Mr. Patton's phone list. *Id.* The video summary corroborates that an offender placed a tablet under the cell door where Mr. Patton has been housed since September 2019. Dkt. 7-8.

The DHO considered the staff reports and video, which provide "some evidence" to support Mr. Patton's charge. Mr. Patton is asking the Court to give greater weight to his statement and other offenders' witness statements, than the DHO's consideration of the conduct report and physical evidence. This is something the Court cannot do.

Accordingly, Mr. Patton is not entitled to habeas relief on this ground.

### 4. Denial of Evidence

In his petition, Mr. Patton states that "[e]ven though [he] requested all evidence pertaining to this matter, the D.H.B. department would not allow him to receive any requested evidence" in violation of due process. Dkt. 1 at 3. He states that "[t]here were no phone transcripts and no voice recognition utilized by the prison's I&I department to determine definitively who was actually on the phone talking[.]" Dkt. 1 at 3. The Court notes that Mr. Patton requested statements from four offenders regarding possession of the tablet and those were obtained. A summary of the video of evidence that Investigator Hall used to determine that the tablet was placed under Mr. Patton's cell door was also obtained. Dkt. 7-4.

To the extent that Mr. Patton argues that certain transcripts or voice recognition evidence should have been presented in his case, Mr. Patton does not have the right to the creation of exculpatory evidence at the IDOC's expense. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). The DHO clarified in a declaration in the record that his reference to a "call transcript" on the hearing report meant the quotations from the phone call that Investigator Hall documented in his email regarding how he identified Mr. Patton as the caller. Dkt. 7-17 at 2.

Due process only requires access to evidence that is exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's guilt.]" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). It is unclear to the Court what evidence Mr. Patton believes he was entitled to or that he requested that was not provided to him. He does not explicitly identify such evidence. *Id.*; dkt. 14. Thus, he certainly does not accomplish the next step of showing that any such evidence was exculpatory.

Accordingly, Mr. Patton is not entitled to habeas relief on this ground.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Patton to the relief he seeks. Accordingly, Mr. Patton's petition for a writ of habeas corpus is **denied** and the **action dismissed** with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   3/3/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEREK PATTON
223346
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov